UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TYSON CORNELISON** | **CIVIL ACTION NO. 23-0085** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **JASON ARMSTRONG** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Tyson Cornelison, a prisoner at Morehouse Parish Jail proceeding pro se and in forma pauperis, filed this proceeding on approximately January 13, 2023, under 42 U.S.C. § 1983. He names Deputy Fire Marshal Jason Armstrong as defendant.[1] For reasons that follow, the Court should stay Plaintiff's claims.

## Background

Plaintiff claims that on April 20, 2020, Deputy Fire Marshal Jason Armstrong recklessly and deliberately omitted information and included false and misleading statements in an affidavit submitted in an application for a warrant for Plaintiff's arrest. [doc. # 1, pp. 3, 6, 8]. Plaintiff also claims that Armstrong included an improper photograph array identification in the application. *Id.* at 5. Plaintiff was arrested under the warrant on May 23, 2020, in Junction City, Kansas. [doc. # 1, p. 6]. He claims that his "arrest was not supported by probable cause." [doc. # 12, p. 1].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff was charged with aggravated arson, arson with the intent to defraud, conspiracy to commit arson with the intent to defraud, injury by arson, and simple criminal damage to property. [doc. # 12, p. 2]. His charges remain pending. *Id.*

Plaintiff claims that on May 4, 2021, Armstrong committed perjury during Plaintiff's preliminary examination. [doc. # 1, p. 6]. Armstrong allegedly "recited the same false statements, misleading information, and omitted facts that were claimed in his affidavit for arrest warrant." *Id.*

Plaintiff seeks compensation for false arrest, punitive damages, and declaratory relief. [doc. # 1, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148,

152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. *Heck v. Humphrey* and *Wallace v. Kato***

Plaintiff claims that his arrest was not supported by probable cause because: (1) Deputy Fire Marshal Jason Armstrong recklessly and deliberately omitted information and included false and misleading statements in an affidavit submitted in an application for a warrant for Plaintiff's arrest; and (2) Armstrong included an improper photograph array identification in the application. [doc. # 1, pp. 3, 6, 5, 8]. Plaintiff also claims that on May 4, 2021, Armstrong committed perjury during Plaintiff's preliminary examination, allegedly reciting "the same false statements, misleading information, and omitted facts that were claimed in his affidavit for arrest warrant." [doc. # 1, p. 6]. As above, Plaintiff's charges are pending.

4

If Plaintiff is convicted of his pending charges, he may not be entitled to seek relief for these claims until any convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

While the rule in *Heck* does not extend to pending criminal matters, successful claims, under Plaintiff's allegations, could necessarily imply the invalidity of any future conviction.[3] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

Prevailing on the false-arrest claims (under any of Plaintiff's theories)—and establishing that Armstrong lacked probable cause to charge Plaintiff—could necessarily imply the invalidity of a conviction because the claim is essentially a collateral attack on a criminal judgment's validity. *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (*citing Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime he was convicted of], would demonstrate the

---

[3] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

5

invalidity of [the conviction].").[4]

To the extent Plaintiff claims that Armstrong violated his right to due process under the Fourteenth Amendment by including an improper photograph array identification in the application for an arrest warrant, the claim could also necessarily imply the invalidity of a conviction. *See Weeks v. Shipman*, 70 F.3d 1267 (5th Cir. 1995) (finding, where the plaintiff "alleged the defendants conspired to falsely arrest and convict him for aggravated sexual assault and included allegations that he was arrested without probable cause and subjected to an impermissibly suggestive lineup," that *Heck v. Humphrey* barred the claims); *Cook v. Baum*, 41 F.3d 661 (5th Cir. 1994) (finding, where the plaintiff alleged that officers "subjected him to an impermissibly suggestive identification procedure," that the claim was barred by *Heck*); *Lawson v. Molder*, 62 F.3d 394 (5th Cir. 1995).

Finally, Plaintiff's claim—that Armstrong committed perjury during Plaintiff's preliminary examination by reciting "the same false statements, misleading information, and omitted facts that were claimed in his affidavit for arrest warrant"—could necessarily imply the invalidity of any conviction. To explain, if this Court found that Armstrong's testimony was false, it would necessarily imply that the same testimony at a trial (if any) is false, that the same information in the warrant application was false, that Plaintiff was falsely arrested, and that any conviction stemming from his arrest was invalid. *See Buckenberger v. Reed*, 342 F. App'x 58, 62

---

[4] *See also Queen v. Purser*, 109 Fed. App'x. 659 (5th Cir. 2004) (a former inmate's false-arrest claim necessarily challenged whether the evidence, which an officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus, the claim was not cognizable absent a showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

(5th Cir. 2009) ("Buckenberger claims that the defendants in this case . . . provided false testimony. Buckenberger claims that without this allegedly false testimony, the State lacked probable cause to arrest him. This claim is foreclosed by the Supreme Court's decision in *Heck v. Humphrey*."); *Weems v. Conley*, 770 F. App'x 237, 238 (5th Cir. 2019) (finding that because a claim of false testimony was related to other claims which would necessarily imply the invalidity of the plaintiff's conviction, the false testimony claim was barred under *Heck*); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004) ("A decision granting Shaw injunctive or declaratory relief on her allegations of . . . perjury . . . or the filing of false affidavits in her state habeas corpus proceeding, . . . would necessarily imply that her conviction was invalid.").

Federal courts should stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. *See Kato*, 549 U.S. at 393-94. Critically, "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended." *Id.* (emphasis added); *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (opining that courts *should* stay proceedings "until the pending criminal case has run its course . . . .").

Here, Plaintiff's claims are *related to* rulings that will likely be made concerning his pending charges. Accordingly, the Court should stay these claims pending the outcome of Plaintiff's ongoing criminal prosecution.[5]

---

[5] *See Mackey*, 47 F.3d at 746 ("At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. . . . The court [should] stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("[I]f some presently unforeseen or unarticulated conflict arises between the

7

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Tyson Cornelison's claims be **STAYED** under the following conditions:

> a. If Plaintiff intends to proceed with these claims, he must, within thirty (30) days of the date the criminal proceedings against him conclude, file a motion to lift the stay;
>
> b. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed absent some other bar to suit;
>
> c. Plaintiff should not file any more documents concerning these particular claims (other than an objection to this Report and Recommendation if he chooses) in this action until the state court proceedings conclude; and
>
> d. Defendant shall not be required to answer these claims during the stay, and Plaintiff may not seek a default judgment or conduct any discovery during the stay.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

---

criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay . . . .").


*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 10th day of May, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge